ENTERED
10/29/2010

```
              IN THE UNITED STATES BANKRUPTCY COURT

              FOR THE SOUTHERN DISTRICT OF TEXAS

                        HOUSTON DIVISION

                                    )
IN RE                               )
                                    )
SONRISA REALTY PARTNERS, LTD.,      )  CASE NO. 10-80026-G3-11
                                    )
         Debtor,                    )
                                    )
```

## MEMORANDUM OPINION

The court has considered at an evidentiary hearing this date the "Debtor's First Amended Emergency Motion for the Court to Consider Sale and Purchase Agreement in Camera; for Authority to File Sale and Purchase Agreement under Seal; and to Enforce and Maintain the Confidentiality of Such Non-public Information" (Docket No. 64). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the instant motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Sonrisa Realty Partners, Ltd. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 4, 2010.

Debtor's schedule A reflects that it owns, <u>inter alia</u>,

97.5 acres of real property located in League City, Texas. (Docket No. 10).

Debtor's plan provides that the Debtor will, by separate motion, seek approval of a sale of 35 acres out of its real property.  (Docket No. 45).  No such motion to sell the property appears on the docket sheet of this case.

In the instant motion, Debtor seeks an order directing Debtor to submit the proposed sale and purchase agreement to the court under seal, to be examined in camera.  Debtor seeks to restrain access to the agreement from its largest secured creditor, Compass Bank, unless Compass Bank executes a confidentiality agreement.  (Docket No. 64).

## Conclusions of Law

Papers filed in a bankruptcy case are public records. They are open to examination unless they are protected. 11 U.S.C. § 107(a).  On request of a party in interest, the court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

In the instant case, consideration of the instant motion is premature.  There is no pending motion to sell the property, either in the Debtor's plan or separately, and thus no need at this time for this court to examine the proposed sale and purchase agreement, whether in camera or otherwise.  Thus, the

court concludes that the instant motion should be denied without prejudice.[1]

Signed at Houston, Texas on October 29, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that sale pursuant to a plan requires a level of disclosure sufficient to provide adequate information to a hypothetical investor. Sale outside a plan may be appropriate in some cases, but in a case in which the debtor proposes to sell a significant fraction of the debtor's assets, the court may be disinclined to permit such a sale without the procedural safeguards of adequate disclosure.