IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SONRISA PROPERTIES, LTD., | ) | CASE NO. 10-80012-G3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| IN RE | ) | |
| | ) | |
| SONRISA REALTY PARTNERS, LTD., | ) | CASE NO. 10-80026-G3-11 |
| | ) | |
| Debtor, | ) | |

MEMORANDUM OPINION
---

The court has held a hearing on the "Debtor's Emergency Motion to Continue Confirmation Hearing, to Extend Deadline for Filing Objections, and to Set Hearing on Second Amended Disclosure Statement" filed by Sonrisa Properties, Ltd. (Docket No. 110, Case No. 10-80012-G3-11), and the "Debtor's Emergency Motion to Continue Confirmation Hearing, to Extend Deadline for Filing Objections, and to Set Hearing on Second Amended Disclosure Statement" filed by Sonrisa Realty Partners, Ltd. (Docket No. 134, Case No. 10-80026-G3-11). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered in each of the two cases denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Sonrisa Properties, Ltd. ("SPL") and Sonrisa Realty Partners, Ltd. ("SRPL") each filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 4, 2010.

SPL and SRPL (collectively, "Debtors")[1] are joint makers on a note payable to Texas State Bank. Compass Bank is the successor in interest to Texas State Bank. Compass Bank has filed a proof of claim in each of the cases, in the amount of $8,664,457.42.

Debtors, each of which is a single asset real estate entity, each have proposed a plan with respect to the development of their unimproved real property located in League City, Texas and restructuring of their debts, including the debt owed to Compass Bank.[2]

Prior to February 4, 2011, Debtors had proposed plans which provide generally that 35 acres of the remaining property would be sold to a developer of an outlet mall.[3] A third party was to provide $1 million to be deposited in an account at

---

[1] The court notes that the two cases are not jointly administered.

[2] SPL held approximately 22.97 acres on the petition date. SPL has subsequently sold 17.849 acres, SRPL held approximately 98.1 acres on the petition date. SRPL has subsequently sold 2.4625 acre.

[3] The proposed plan called for a "Study Period" of one year, during which the proposed purchaser would hold an option to purchase the 35 acres.

2

Compass Bank, to be applied to interest as it accrued. The net proceeds, both of sales of the 35 acres, and of subsequent sales, would be applied as principal reduction payments on the Compass Bank debt. The plan provided for payment to unsecured creditors after payment of Compass Bank's secured claim, and reimbursement in full of the $1 million contributed by a third party. (Docket No. 70, Case No. 10-80012-G3-11; Docket No. 45, Case No. 10-80026-G3-11).[4]

Compass Bank has filed a plan in each of the two cases. Compass Bank's plans provide generally for a sale, at auction (via one or more cash or credit bid sales), of the entirety of Debtors' remaining real property. Compass asserts that the proceeds of sale will be sufficient to pay all claims. (Docket Nos. 87, 94, Case No. 10-80012-G3-11; Docket Nos. 98, 112, Case No. 10-80026-G3-11).

Disclosure statements were approved as to Debtors' plans and Compass Bank's plans. The confirmation hearings were set for February 22, 2011 with respect to Debtors' plans and Compass Bank's plans. (Docket Nos. 96, 102, Case No. 10-80012-G3-11; Docket Nos. 115, 123, Case No. 10-80026-G3-11).

On February 4, 2011, Debtors each filed an amended plan. The amended plans provide generally that, in place of the

---

[4]Debtors' proposal to sell the 35 acres to the purchaser identified in the plan presently set for confirmation on February 22, 2011 was first raised in its initial disclosure statement, which was filed on September 24, 2010.

3

$1 million to be contributed by the new investor under the plan set for confirmation on February 22, 2011, the proposed option purchaser of the 35 acres would loan $1.35 million to SRPL, secured by a second lien in the property. The proposed purchaser would also obtain an exclusive option to purchase an additional 15 acres. The proceeds of the $1.35 million loan would be disbursed $1 million to Compass Bank, to be applied as a principal reduction, and the remainder to be applied to interest as it accrues. The proceeds of future sales will be applied to the Compass Bank debt. (Docket No. 105, Case No. 10-80012-G3-11; Docket No. 128, Case No. 10-80026-G3-11).

On February 10, 2011, Debtors each filed an amended disclosure statement addressing the amended plans filed on February 4, 2011. (Docket No. 111, Case No. 10-80012-G3-11; Docket No. 133, Case No. 10-80026-G3-11).

In the instant motions, Debtors seek continuance of the confirmation hearings set for February 22, 2011 on Compass Bank's plans. (Docket No. 110, Case No. 10-80012-G3-11; Docket No. 134, Case No. 10-80026-G3-11).

At the hearing on the instant motions, Debtors' counsel articulated three arguments: that due process requires that the plans be heard simultaneously; that it is awkward to have a hearing on one plan when there are competing plans; and that doing so represents a waste of judicial resources. Compass Bank

opposes a continuance of the confirmation hearing as to Compass Bank's plans.

## Conclusions of Law

Section 1121(c) of the Bankruptcy Code provides:

Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—

> (1)  a trustee has been appointed under this chapter;
> (2)  the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
> (3)  the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

11 U.S.C. § 1121(c).

Bankruptcy Rule 2002(b) requires 28 days' notice of the time fixed for filing objections and the hearing to consider approval of a disclosure statement, and of the time fixed for filing objections and the hearing to consider confirmation of a Chapter 11 plan.  Rule 2002(b), Fed. R. Bankr. P.

While courts generally allow multiple plans to proceed concurrently towards confirmation after the debtor's exclusive period has expired, such a procedure is neither mandatory nor

appropriate in all cases.  In re Sunflower Racing, Inc., 218 B.R. 972 (D. Kan. 1998).

The instant cases have been pending for over one year. Debtors' exclusive period has expired.  Debtors and Compass Bank proposed competing plans, and, after several iterations, disclosure statements were approved as to each of the plans filed prior to February 4, 2011.  Compass Bank has incurred the expense of soliciting votes for its plans.  Debtors have had an agreement in place with the proposed purchaser of the 35 acres since at least September 24, 2010, and, while proceeding to litigate contests over the adequacy of Debtors' and Compass Bank's disclosure statements, apparently have continued to change the terms of the agreement they originally negotiated.  The court concludes that continuance should not be granted as to the confirmation hearing on Compass Bank's plans.

Based on the foregoing, a separate Judgment will be entered in each of the two cases denying the "Debtor's Emergency Motion to Continue Confirmation Hearing, to Extend Deadline for Filing Objections, and to Set Hearing on Second Amended Disclosure Statement" filed by Sonrisa Properties, Ltd. (Docket No. 110, Case No. 10-80012-G3-11), and the "Debtor's Emergency Motion to Continue Confirmation Hearing, to Extend Deadline for Filing Objections, and to Set Hearing on Second Amended Disclosure Statement" filed by Sonrisa Realty Partners, Ltd.

(Docket No. 134, Case No. 10-80026-G3-11).

Signed at Houston, Texas on February 18, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE